**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David W. Linder, | No.   CV 18-08030-PCT-DGC (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Drug Enforcement Agency, et al., | |
| Defendants. | |

On February 16, 2018, Plaintiff David W. Linder, who is confined in the Federal Correctional Institution-Pekin in Pekin, Illinois, filed a Complaint and an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis."  In a February 27, 2018 Order, the Court denied the Motion for Permission and dismissed the Complaint because neither the Motion nor Complaint was filed on a court-approved form, as required by Local Rule of Civil Procedure 3.4.  The Court gave Plaintiff 30 days to (1) either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis, and (2) file a first amended complaint on a court-approved form.

On March 26, 2018, Plaintiff paid the filing and administrative fees and filed an Affidavit in Support, a Request for Judicial Notice, and a First Amended Complaint.  On April 11, 2018, he filed an Appendix.  On April 30, 2018, Plaintiff filed a Motion for Order for Service by Marshal.

. . . .

In a June 18, 2018 Order, the Court dismissed the First Amended Complaint for failure to state a claim, gave Plaintiff 30 days to file a second amended complaint that cures the deficiencies identified in the Order, and denied without prejudice the Request for Judicial Notice and Motion for Order for Service by Marshal. That same day, Plaintiff filed a "Motion for Extension of Time Pursuant to Fed R Civ P 4(m)," which the Court denied as premature in a July 3, 2018 Order.

On July 23, 2018, Plaintiff filed his Second Amended Complaint. In a September 18, 2018 Order, the Court dismissed the Second Amended Complaint because Plaintiff had failed to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in the Order. In an October 31, 2018 Order, the Court denied Plaintiff's "Request for (5) Day Extension, but granted Plaintiff a 30-day extension of time to file his third amended complaint.

On November 1, 2018, Plaintiff filed his Third Amended Complaint (Doc. 20). The Court will dismiss the Third Amended Complaint and this action.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.   Third Amended Complaint

In his three-count Third Amended Complaint, Plaintiff asserts that the Court has jurisdiction over his claims under the Federal Tort Claims Act (FTCA).  He seeks monetary damages from Defendants United States of America, Drug Enforcement Agency Officers Justin Schoeman and Timothy Jenkins, former Assistant United States Attorney Laura Pelatiro Tayman, and "NCIS" Officer Robert D. Cully, Jr.

In Count One, Plaintiff asserts that there was a "conversion" of his automobile. He claims that in December 2003, his automobile was taken "without probable cause of any crime."  He claims no arrest was made, no contraband was discovered, and the vehicle had been purchased with "untainted funds."  He alleges that the "auto theft was to be supported by some future drafted crime."

In Count Two, Plaintiff claims there was an "abuse of process."  He contends he was "immune from renewed charges of 'analog' drug violations by (2) state cases about

- 3 -

identical substances [where the] DEA [was a] party in both."  Plaintiff alleges that the "[f]ailure to recognize protections was an injurious omission."  He asserts that a "21 U[.]S[.]C[.] § 881 matter [was] never completed" because it was "halted in the Appeal phase," a "21 [U.S.C.] § 853 criminal forfeiture . . . was never completed" because it only progressed to the "preliminary phase," and the "[a]uto never was managed as [a] substitute asset."  Plaintiff alleges that the "civil [and] criminal processes fail[ed]" and there was a "DELAY in discovery of incomplete forfeiture process" because "Plaintiff was told court fees took priority and it was presumed forfeiture would kick in afterward."  Plaintiff claims "[n]obody ever said anything about lack of finality with forfeiture.  Hence equitable tolling, upon discovery, is applicable."

In Count Three, Plaintiff alleges there was negligence "in performing duty."  He claims "[o]fficers performing their duty w[ere] negligent to the full set of facts, including that Plaintiff at the time was immune by reason of prior state cases involving the same substances complained of."  Plaintiff asserts that four computers were taken in December 2003 and were "kept for years" and that "[t]he manner of the execution of the search warrant on 12/10/03 was negligent."  He also contends "Norfolk distributed proceeds from the sale of the Lexus to 11 Virginia state agencies, in violation of statutes."

## III.    Failure to State a Claim

### A.    Defendants Schoeman, Jenkins, Culley, and Tayman

The United States is the only proper defendant in an action brought pursuant to the FTCA.  28 U.S.C. §§ 1346(b), 2679(a) and (b); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).  Thus, the Court will dismiss Defendants Schoeman, Jenkins, Culley, and Tayman.

### B.    Defendant United States

"Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'"  *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001) (quoting 28 U.S.C. § 2401(b)).  Plaintiff does not dispute that his claims, which appear to have

accrued in December 2003, are untimely. He does argue, at least as to Count Two, that his untimely claim is saved by the doctrine of equitable tolling.

A plaintiff seeking equitable tolling in an FTCA action "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)), *aff'd sub nom. United States v. Wong*, ___ U.S. ___, 135 S. Ct. 1625 (2015). Although Plaintiff's assertions are muddled and incoherent, he appears to claim that he is entitled to equitable tolling because there was a preliminary order of forfeiture that was "never finalized and thus void" and that he did not become aware of this until sometime within two years of the time he filed his Complaint. However, "[a] preliminary order of forfeiture becomes final at sentencing," *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007), and Plaintiff was sentenced in May 2005. *See United States v. Linder*, 2:04-CR-00191-AWA-TEM (E.D. Va.). Plaintiff's misunderstanding does not justify equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling).

Because Plaintiff's claims are barred by the statute of limitations and he has not met his burden of justifying equitable tolling, the Court will dismiss his claims against Defendant United States.

**IV.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Third Amended Complaint, the Court will dismiss his Third Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Third Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    Plaintiff's Third Amended Complaint (Doc. 20) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 16th day of November, 2018.

David G. Campbell
Senior United States District Judge